Filed 8/5/14  P. v. Nieves CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL NIEVES,<br><br>          Defendant and Appellant. | A138955<br><br>(Alameda County<br>Super. Ct. No. CH53267) |

Defendant Samuel Nieves was convicted of being under the influence of a controlled substance and possession of a controlled substance after he was found behaving suspiciously with a hydrocodone pill in his pocket.  During voir dire, the prosecutor made several statements about punishment.  Defendant contends these statements constituted prosecutorial misconduct and seeks a new trial on the possession charge.[1]  Because we find defendant's challenge waived and the prosecutor's statements harmless, we affirm.

## I.  BACKGROUND

Defendant was charged in an information, filed January 22, 2013, with possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a)) and being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a).)

During voir dire at trial, a prospective juror expressed the view that drug sentences are too harsh.  The prosecutor told the juror drug offenders in defendant's position have

---

[1] Defendant admits there is "strong evidence of guilt for being under the influence of methamphetamine" and only appeals the possession conviction.

the option to obtain treatment instead of going to trial, stating "this is a straight-up possession" charge. The prosecutor also told the jury the instant case was "not a three-strikes case." In both instances, defense counsel promptly objected without specifying grounds or asking for an admonition. The court sustained both objections, telling the parties to "Please move on," after the first objection and commenting after the second, "Please stay away from other issues." Defense counsel did not ask the court to strike the prosecutor's statements or instruct the jury to disregard them.

During a break in the proceedings, defense counsel moved for a mistrial based on the prosecutor's statements, arguing they belittled defendant's choice to exercise his right to a jury trial and would lead the jury to think defendant was wasting their time. The court found the statements improper, but it concluded they did not "poison" the jury or "rise to the level of violating [defendant's] constitutional due process rights to a fair trial" and denied the motion.

The jury heard evidence that late on the night of April 14, 2012, Hayward Police Sergeant Jeff Snell noticed defendant peering through a car window in the parking lot of a closed car dealership. Snell approached defendant and asked what he was doing. He noticed defendant was nervous, moving erratically, speaking loudly and rapidly, and sweating profusely. Defendant was also making strange statements, and his tongue was covered in a white film. Believing defendant was likely under the influence of a central nervous system stimulant, Snell performed a field sobriety test for stimulants. During the test, Snell noticed defendant's eyelids fluttering, also consistent with being under the influence of a stimulant.

Based on the results of the field sobriety tests, Snell arrested and searched defendant. In defendant's pants pocket, Snell found a small black cardboard box containing one white pill marked "Watson 349" inside a plastic cigarette wrapper. Snell did not find a doctor's note, prescription pill bottle, or prescription on defendant's person or in his property. Snell then took defendant to the Hayward Police Station where his urine tested positive for methamphetamine and the pill tested positive for hydrocodone.

Defendant was convicted of both charges and sentenced to five years' probation under Proposition 36. (Pen. Code, § 1210.1)

## II. DISCUSSION

Defendant argues the prosecutor's statements during voir dire constituted misconduct because they suggested defendant "wasted [the jury's] time by going to trial when he could have had treatment." We conclude that defendant's claim is procedurally barred and, in any event, the prosecutor's comments were not prejudicial.

### A. *Defendant's Claim Is Procedurally Barred*

To preserve a claim for prosecutorial misconduct, a defendant " ' "must make a timely and specific objection and ask the trial court to admonish the jury to disregard the impropriety" ' unless doing so would be futile or an admonition would not cure the harm." (*People v. Whalen* (2013) 56 Cal.4th 1, 52; see also *People v. Hill* (1998) 17 Cal.4th 800, 820 (*Hill*) [defendant must make specific assignment of misconduct].) This rule applies to alleged prosecutorial misconduct during voir dire. (*People v. Medina* (1995) 11 Cal.4th 694, 740.)

Defense counsel objected to the prosecutor's statements at trial, but he did not make a specific assignment of error or ask the judge to admonish the jury to disregard the statements. Because the alleged misconduct was not "beyond the curative powers of admonitions" and defense counsel had a chance to be heard by the court, defendant has forfeited his claim of prosecutorial misconduct. (*People v. Arias* (1996) 13 Cal.4th 92, 159; see also *People v. Gray* (2005) 37 Cal.4th 168, 217.)

Defendant contends requesting an admonition would have been futile because the court's comments suggested it would not have granted the request. (See *Hill, supra,* 17 Cal.4th at pp. 820–821.) Unlike the situation in *Hill*, defendant was not subjected to a "constant barrage" of misconduct (*id.* at p. 821), nor had the court shown an inclination to tolerate misbehavior. On the contrary, both of defendant's objections had been sustained. We find nothing in the court's comments to suggest it would not also have entertained a request for an admonition, had defense counsel made one.

3

## B. *The Prosecutor's Statements Were Not Prejudicial*

Even assuming the prosecutor's comments constituted misconduct, a defendant's conviction will not be reversed as a result of prosecutorial misconduct unless it is reasonably probable that a result more favorable to the defendant would have been reached without the misconduct. (*People v. Tully* (2012) 54 Cal.4th 952, 1010.) While defendant acknowledges the evidence was strong with respect to the charge of being under the influence, he contends the remarks could have influenced the jury's disposition of the possession charge because there was no direct evidence he was aware of the controlled nature of the pill.[2] Given the strength of the circumstantial evidence of knowledge, however, we conclude that a more favorable outcome was unlikely.

The mere fact that the hydrocodone was found in defendant's possession was strong evidence of his awareness of its nature. "Ordinarily the fact that a narcotic is found in the personal effects of the defendant is compelling proof that defendant knew what he possessed and its nature." (*People v. Williams* (1971) 5 Cal.3d 211, 216.) That presumption was strengthened here because the pill was found in a box in defendant's pocket, wrapped in plastic. It was purposefully hidden, packaged in a specific manner, and carried on defendant's person as if for personal use. (*Cf. People v. Tripp* (2007) 151 Cal.App.4th 951, 959.) In addition, defendant was plainly familiar with illicit drug use, since he was under the influence of methamphetamine at the time he was searched. Prior drug use constitutes further evidence to support a finding defendant knew the narcotic nature of the pill in his pocket. (*People v. Williams* (2009) 170 Cal.App.4th 587, 607.) Given these circumstances, we conclude the prosecutor's remarks did not meaningfully influence the jury's judgment.

---

[2] The essential elements of possession of a controlled substance are " 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character. Each of these elements may be established circumstantially.' " (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242.)

## III.  DISPOSITION

The judgment of the trial court is affirmed.

_____
Becton, J.*

We concur:

_____
Dondero, Acting P.J.

_____
Banke, J.

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5